## In re STEVENSON'S WILL.
No. 74032.

County Judges' Court, Dade County.

June 13, 1968.

188

Irving F. Kalback and Fayes F. Thomas, Jr., both of Miami, for the executor.

Harold J. Cohen, Miami, for Raymond Wilson, individually as legatee.

John C. Strickroot of Fowler, White, Collins, Gillen, Humkey & Trenam, Miami, for legatees James J. Bailey, individually and as administrator of the estate of Margaret Bailey, deceased.

William Bailey of Cowart, Kimbrell & Bailey, Miami, for the heir Addison L. Stevenson.

GEORGE T. CLARK, Judge.

*Order construing will:* This matter is before the court upon the petition of Raymond Wilson, as executor, for construction of the last will and testament of J. Lee Stevenson. The pertinent portions of the will are as follows —

. . . I devise and bequeath all of the real and personal property which I now own as follows:

2. . . . that I hereby devise and bequeath to the aforesaid RAY-MOND WILSON, Executor, three hundred and thirty six (336) shares of G. I. MURPHY CO., to be his absolutely and individually.

3. . . . That I give and bequeath to Mrs. DAVID REESE, my niece, of 8824 Nabida Drive, Cincinnati, Ohio, three hundred and thirty six (336) shares of G. I. MURPHY CO.; . . .

4. That I give and bequeath to MISS PAULINE FORD, my niece, of 10 North Avenue, c/o Annex Hotel, Mt. Clements, Michigan, three hundred and thirty-six shares of G. I. MURPHY CO.; . . .

6. That I give, devise and bequeath one-half (½) title and interest in and to my home, containing furniture, furnishings and personal property therein, located at 1644 S. W. 3rd Street, Miami, Florida and otherwise known as:　Lot 6, of Block 86
　　　　　　　　　　　　　　　LAWRENCE STATES LAND CO.,
　　　　　　　　　　　　　　　Plat Book 2, page 46 of the public records
　　　　　　　　　　　　　　　of Dade County, Florida,
to JAMES J. BAILEY, of 1709 Termon Avenue, Pittsburg, 12, Pennsylvania; that in the event he should die before this will is probated then in that event his one-half interest in the above property shall pass to his wife.

That I give, devise and bequeath one-half (½) title and interest in and to the real and personal property described in paragraph 6 above to MRS. RAY WILSON, my deceased wife's sister, of 231 Sidonia, Coral Gables, Florida, or to her husband in the event of her death.

That in the event the above real property is sold then the proceeds of said sale shall go into my bank account and the moneys therein, upon my death, I give and bequeath as follows:

> 50% of moneys therein to MISS MARGARET BAILEY;
> 25% of moneys therein to MRS. RAY WILSON;
> 25% of moneys therein to JAMES J. BAILEY.

The facts are not disputed. J. Lee Stevenson executed his will on November 11, 1961. He died on February 20, 1967. His will was admitted to probate and the executor qualified on March 15, 1967. At the time of the execution of the will, the testator owned 1,008 shares of stock of G. I. Murphy Co. Subsequently, on October 1, 1962, there was a 2 for 1 stock split and at the time of his death he owned 2,016 shares. There are longhand notes of "672" above the number of shares in each of paragraphs 2, 3 and 4 of the will. There is no proof as to who made those longhand notes. The real property described in paragraph 6 of the will was sold in the lifetime of the testator. At the time of his death he had both a checking and a savings account in the

Riverside Bank. The funds in the savings account approximated the net proceeds of the sale, but there is no proof as to whether the proceeds of the sale were deposited in the checking or the savings account. Mrs. Ray Wilson, sister-in-law of the deceased, predeceased the testator. She was one of the beneficiaries named in paragraph 6 of the will. Margaret Bailey, another of the beneficiaries named in paragraph 6 of the will, survived the testator and then died.

The petition for construction of the will poses four questions—

"(a) Whether the beneficiaries named in paragraphs numbered 2, 3 and 4 of the last will and testament are entitled to receive the additional shares of stock owned by the decedent at the time of his death which were received as a result of the stock split;

"(b) Whether the testator intended, by the terminology of the sixth paragraph of his last will and testament, to specifically bequeath to the beneficiaries therein named the proceeds derived from the sale of the property only, or whether he intended to bequeath the entire amount in the savings account, or the entire amounts in both the savings account and checking account maintained at the time of his death;

"(c) Whether the sixth paragraph of the decedent's last will and testament is a residuary clause, by which the decedent bequeaths the residue of his estate to the parties therein named, or whether the will, in fact, contains no residuary clause;

"(d) Whether, by virtue of Mrs. Ray Wilson having predeceased the decedent herein, her specific bequest lapsed and passes as part of the residuary estate, if any, or passes to the heirs at law of the decedent herein."

All of the beneficiaries under the will, all of the heirs of J. Lee Stevenson, and all of the heirs of Mrs. Ray Wilson were served by citation. Raymond Wilson, individually, as a legatee, James J. Bailey, individually and as administrator of the estate of Margaret Bailey, deceased, as legatees; and Addison L. Stevenson, a brother and one of the heirs of J. Lee Stevenson, filed answers and memoranda of law asserting constructions of the will most favorable to each of them, respectively. The court finds as follows—

1. J. Lee Stevenson intended by his will to dispose of all his property.

2. He effectively disposed of all his property except the bequest to Mrs. Ray Wilson, which lapsed by virtue of her death before that of the testator.

3. The testator intended to divide all of his stock in G. I. Murphy Co. equally between three legatees named in paragraphs 2, 3 and 4 of the will. The legacy to each of them was specific.

4. The split of the shares of stock of G. I. Murphy Co. was a change in form and not in substance and the additional shares so acquired pass under the specific bequests of the original shares. In re Vail's Estate (Fla. 1953), 67 So.2d 665.

5. The testator intended to bequeath all the money in his two bank accounts in the Riverside Bank to the three beneficiaries named in paragraph 6 (Margaret Bailey, Mrs. Ray Wilson, James J. Bailey).

6. The legacies in paragraph 6 of the will were not limited to proceeds of the sale of the real property.

7. Paragraph 6 of the will is not a residuary clause.

8. The legacy to Mrs. Ray Wilson in paragraph 6 lapsed because she predeceased the testator and was not a blood relative (F.S. 731.20).

9. Because the will of J. Lee Stevenson contained no residuary clause, and because there is no gift over in the event of the prior death of Mrs. Ray Wilson, this lapsed legacy was not disposed of by the will and passed to the heirs of J. Lee Stevenson by intestacy. In re Levy's Estate (Fla. 1967), 196 So.2d 225.

Upon these findings it is ordered and adjudged —

a. Raymond Wilson, Mrs. David Reese, and Miss Pauline Ford are each entitled to 672 shares of stock of G. I. Murphy Co.

b. The funds in the Riverside Bank (both the checking account and savings account) shall be distributed 50% to James J. Bailey as administrator of the estate of Margaret Bailey, deceased; 25% to James J. Bailey, individually; and 25% to the heirs of J. Lee Stevenson.

c. There is no residuary clause in the will of J. Lee Stevenson.

d. The legacy to Mrs. Ray Wilson lapsed and passed to the heirs-at-law of the decedent by intestacy.